| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |
| WELLS FARGO BANK, NA A/K/A WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, NA, F/K/A WACHOVIA MORTGAGE, FSB, F/K/A WORLD SAVINGS BANK,<br><br>Plaintiff,<br>v.<br>AMBROSIO REY HERRERA, et. al.,<br>Defendants. | Civil No. 12cv0402 JAH (RBB)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION AND DENYING DEFENDANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT** |

On February 14, 2012, Defendant Ambrocio Rey Herrera filed a notice of removal of Superior Court of California, County of San Diego, case number 37-2011-00047946-CL-UD-CTL.  In the removal, Defendant maintains Plaintiff's unlawful detainer action "arises from securities matter (and/or) use of fraudulent conveyances, conversions, deception and/or cloaked securitization matters which are being disguised in state proceedings done under color of state law. . ."  Removal ¶ 7.  Defendant asserts the unlawful detainer action includes allegations of sale or purchase that Plaintiff is entitled to possession thereof.  Id. ¶ 11.  Defendant maintains the removal and supporting information raises issues of federal subject matter and the unlawful detainer action is "in reality concealed or disguised security transactions." Id. ¶¶ 15, 16.

Defendant's removal also includes many allegations against Plaintiff regarding the property at issue and discusses a related action previously removed from state court to

federal court, <u>Herrera v. Wells Fargo Bank</u>, United States District Court for the Southern District of California case number 11cv2912, Superior Court case number 37-2011-00100641-CU-OR-CTL. Defendant attaches a copy of the related action but does not include any documents, including the complaint, of the removed action.

Although it is clear from the face of the removal and the information contained therein that Defendant sought to remove the unlawful detainer action, the docket entry for the removal indicates the related action, case number 37-2001-00100641, was removed along with this case. To the extent this action involves case number 37-2001-00100641, it is duplicative of <u>Herrera v. Wells Fargo Bank</u>, 11cv2912, and is subject to dismissal.

Although Defendant failed to attached the complaint of the unlawful detainer action he removed, it appears removal is improper. The federal court is one of limited jurisdiction. <u>See</u> <u>Gould v. Mutual Life Ins. Co. v. New York</u>, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. <u>See</u> <u>Steel Co. v. Citizens for a Better Environ.</u>, 118 S.Ct. 1003, 1012 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Id</u>. (quoting <u>Ex parte McCardle</u>, 74 U.S. (7 Wall.) 506, 614 (1868)). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. <u>Lowdermilk v. United States Bank Ass'n</u>, 479 F.3d 994, 998 (9th Cir. 2007); <u>Boggs v. Lewis</u>, 863 F.2d 662, 663 (9th Cir. 1988). Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq*. A state court action can only be removed if it could have originally been brought in federal court. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

The defendant has the burden of establishing that removal is proper and must support its jurisdictional allegations with competent proof. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*); <u>Nishimoto v. Federman-Bachrach & Assocs.</u>, 903 F.2d 709, 712 n.3 (9th Cir.

1990). There is a strong presumption against removal jurisdiction and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566 (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

Defendant fails to meet this burden. Defendant maintains the action asserts federal questions. However, he contends this is an unlawful detainer action, which is brought pursuant to state law. Although Defendant maintains it is a "disguised security action," he fails to submit the complaint to demonstrate it sets forth any federal claims as he contends, and, therefore, Defendant fails to provide competent proof of this Court's jurisdiction. Accordingly, removal is improper and the Court finds *sua sponte* remand is appropriate.

Based on the foregoing, IT IS HEREBY ORDERED:

1. The instant complaint is *sua sponte* **REMANDED** to state court for all further proceedings;
2. Defendant's motion to proceed *in forma pauperis* (Doc. No. 2) is **DENIED** as moot.;
3. To the extent the removal involved case number 37-2011-00100641-CU-OR-CTL, the action is **DISMISSED as duplicative**.

DATED: October 15, 2012

JOHN A. HOUSTON
United States District Judge